LOCKEMY, C.J., dissenting:
I respectfully dissent. I agree with the majority that the mortgage should be taken into account when determining whether a bid at a judicial sale is so grossly inadequate it shocks the conscience. I would utilize the Equity Method as a better vehicle to determine whether a bid shocks the conscience.
As the majority concedes, this court has previously approved the use of the Equity Method to determine the adequacy of a successful bid during a judicial sale. See Fed. Nat. Morg. Ass'n v. Brooks , 304 S.C. 506, 510, 405 S.E.2d 604, 606 (Ct. App. 1991). While the majority correctly indicates the court in Brooks did not face the issue of which method to use to determine adequacy of the bid, the court based its analysis on the equity purchased at the foreclosure sale and the bid price for that equity. I believe the best course would be to continue to utilize this method, which seeks to encourage judicial sales while also being fair to property owners.
Furthermore, I believe this court's decision to analyze judicial sales utilizing the Equity Method is sound. A buyer at a judicial sale in which a senior lienholder is not a party takes the property subject to that lien, but the buyer is not responsible for its payment. The evidence in this case shows Appellants have continued to pay the mortgage for a home for which they have no title because they will suffer the severe consequences of default if they do not. The buyer has paid nothing.
**233 I do not believe it proper to give a judicial sale buyer credit for assuming a debt which it is not legally required to pay. See Restatement (Third) of Property (Mortgages) § 8.3 cmt. b (Am. Law Inst. 1997) ("Where the foreclosure is subject to senior liens, the amount of those liens must be subtracted from the unencumbered fair market value of the real estate in determining the fair market value of the title being transferred by the foreclosure sale."). Such a rule could create a perverse circumstance where a judicial sale bidder purchases a property for a de minimis amount simply to capitalize on rental revenue until the senior lienholder forecloses its mortgage. The majority asserts this concern is overestimated and the circumstances of this case are rare. Whether rare or the impetus *901 to create a business of judicial buyers seeking a windfall profit, in my view, the result is unjust. The law should provide an avenue of redress for this injustice. Adopting the Equity Method at least opens up that avenue for consideration by the courts.
The majority reasons the Debt Method is consistent with this state's policy of upholding judicial sales because "the Debt Method will result in fewer set asides." I agree with the majority that fewer sales will be set aside-in fact, I suggest virtually no sales will be set aside under these circumstances. Buyers need only bid a minimal amount and if a property is encumbered by a mortgage of at least 10% of the home's value, the bid is not subject to attack for being grossly inadequate. Our supreme court has determined that judicial sales must produce bids that are not grossly inadequate. See e.g., Arrow Bonding Co. v. Warren , 399 S.C. 603, 607-08, 732 S.E.2d 622, 624 (2012). The Debt Method threatens to swallow this rule for the sake of upholding judicial sales.
Finally, using the Equity Method, and recognizing our de novo standard of review, I would find the price paid was so inadequate as to shock the conscience. See Stoney v. Stoney , 421 S.C. 528, 530, 809 S.E.2d 59, 59 (2017) (reiterating the de novo standard of review of decisions by courts sitting in equity). I recognize the Brooks court found the 3.15% paid for the property in that case was "not so grossly inadequate as to shock the conscience." Brooks , 304 S.C. at 510, 405 S.E.2d at 606. This dicta from Brooks must be considered with holdings from recent cases of this court which have routinely held when **234 a property is sold at a judicial sale for less than 10% of a property's actual value, the sales price shocks the court's conscience.[4] See Bloody Point Prop. Owners Ass'n, Inc. v. Ashton , 410 S.C. 62, 70, 762 S.E.2d 729, 734 (Ct. App. 2014) ; E. Savings Bank, FSB v. Sanders , 373 S.C. 349, 359, 644 S.E.2d 802, 807 (Ct. App. 2007). I believe the judicial sale buyer's winning bid, which amounts to 4.89% of the property's value, is so grossly inadequate, the judicial sale should be set aside. Therefore, I respectfully dissent.

While I applaud the majority in its attempt to uphold judicial sales, I cannot agree that any bid on a property which will remain subject to a senior encumbrance will be deemed not grossly inadequate. Under the majority's analysis, a bid for $1, combined with a mortgage of at least 3.24% of the value of the property would not be grossly inadequate. I simply cannot agree.