**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Teresa L. Ferry, Intervenor, Appellant.

South Carolina Department of Social Services, Respondent,

v.

Tiffany Reavenell and Tony Nelson, Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-001331

Appeal From Charleston County
Melissa J. Buckhannon, Family Court Judge

Unpublished Opinion No. 2020-UP-247
Submitted August 14, 2020 – Filed August 17, 2020

**REVERSED**

Stephanie Michelle Brinkley, of Brinkley Law Firm, LLC, of Charleston, and Larry Dale Dove, of Dove Law Group, LLC, of Rock Hill, both for Appellant.

Sally R. Young, of South Carolina Department of Social Services, of North Charleston, for Respondent South Carolina Department of Social Services.

Thomas Dyllan Rankin, of The Law Office of T. Dyllan Rankin, LLC, of Charleston, for Respondent Tiffany Reavenell.

Tony Nelson, of North Charleston, pro se.

Alwyn Taylor Silver, of Silver Law Firm, LLC, of Georgetown, and Joshua Keith Roten, of Summerville, both for the Guardian ad Litem.

---

**PER CURIAM:**  Teresa L. Ferry (Foster Mother) appeals an order denying her motion to intervene in a Department of Social Services (DSS) removal action concerning three minor children (Children).  On appeal, Foster Mother argues the family court erred in denying her motions seeking intervention, joinder, and discovery (1) when Children had been placed with her for over eighteen months and she had filed a private termination of parental rights (TPR) and adoption action, (2) without providing a proper basis for such denials, and (3) without addressing the best interests of Children.  We reverse.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  However, "a family court's evidentiary or procedural rulings . . . [are] review[ed] using an abuse of discretion standard."  *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 487 n.2 (2018).  "[Appellate courts] review a family court's evidentiary or procedural rulings under an abuse of discretion standard."  *Cooper v. S.C. Dep't of Soc. Servs.*, 428 S.C. 402, 410, 835 S.E.2d 516, 520 (2019).

This case began when Children were removed from Tiffany Reavenell (Mother) and Tony Nelson (Father) and placed into foster care on August 8, 2017.  That same day, DSS filed a child protective services action (DSS removal action).[1]  On April 12, 2019, Foster Mother filed a private action seeking TPR and adoption (Foster Mother's action).  On April 17, 2019, the family court held a judicial review hearing in the DSS removal action.  On May 10, 2019, prior to the court entering an order from the April 2019 permanency planning hearing, Foster

---

[1] The record on appeal does not contain the allegations made against Mother and Father that resulted in Children's removal.

Mother filed motions to intervene, to be joined as a party, and for discovery in DSS's removal action.

On May 22, 2019, prior to issuing an order from the April 17, 2019 permanency planning hearing, the family court held a judicial review hearing in the DSS removal action. At the hearing, DSS informed the family court the permanent plan was for reunification of Mother and Children. Mother informed the family court she had completed her placement plan and filed a motion on April 11, 2019, for reunification based on the completion of her placement plan. The GAL believed reunification was ultimately in Children's best interests, although she expressed concern about reunification occurring at that time.

The family court then addressed Foster Mother's motions for intervention, joinder, and discovery. Foster Mother stated Children were placed with her on August 8, 2017, and it was her understanding DSS intended to pursue TPR in December 2018. She stated she initiated her private action on April 12, 2019, for TPR and adoption based on her belief DSS intended to pursue TPR, but she later learned DSS had decided to pursue reunification. Foster Mother attempted to enter into evidence an attachment assessment of Children to her conducted by a bonding expert, but the family court excluded it based on DSS's objection that it was not timely served. DSS asserted it was working diligently to effect reunification and opposed Foster Mother's intervention because it would complicate the matter.

On June 20, 2019, the family court issued an order denying Foster Mother's motion to intervene. The family court indicated it did not consider Foster Mother's affidavit and memoranda in support of her motions because they were not filed and served prior to the hearing. The family court found:

> Since the [p]ermanent [p]lan for [Children] is
> [r]eunification with [Mother] at this time and [Mother] is
> close to completing her [placement] plan, I find the
> motion to intervene is inappropriate and would have a
> chilling and negative effect on efforts to reunify [Mother]
> with [Children]. It would also serve to confuse
> [Children] and the issues in the case to allow intervention
> at this time. For those reasons, I find that the
> intervention of [Foster Mother] is inappropriate and deny
> the motion.

The family court also denied Foster Mother's motions for joinder and discovery. Two days later, the family court entered an order from the April 2019 permanency planning hearing finding TPR was not in Children's best interests because they would achieve permanency upon Mother's compliance with this order. Foster Mother subsequently filed this notice of appeal from the order denying intervention.

On August 14 and 15, 2019, while this appeal was pending, the family court held a permanency planning hearing. The family court found Mother had remedied the conditions that caused Children's removal and completed her placement plan. The family court further determined it was in the best interests of Children to be reunified with Mother, and Children should be returned to her on August 16, 2019.[2] On March 20, 2020, the family court issued a final order in the DSS removal action that found Mother had completed her placement plan, awarded her physical and legal custody of Children, and closed the case.[3]

First, DSS contends Foster Mother's standing to appeal the denial of intervention became moot when Children were reunited with Mother. This argument lacks merit. As Children's foster parent, Foster Mother had standing to move to intervene when she filed her motion to intervene and when the family court considered it. *See* S.C. Code Ann. § 63-7-1700(J) (Supp. 2019) (providing a foster parent is a "party in interest" and "may move to intervene in" a DSS removal action). Because Foster Mother had statutory standing when she filed the motion to intervene and when the court considered the motion, she has standing to appeal the denial of that motion.

Second, we find the family court erred in denying Foster Mother's motion to intervene. We find the facts here are akin to our supreme court's recent case, *Cooper v. South Carolina Department of Social Services*, 428 S.C. 402, 835 S.E.2d 516 (2019). There, three children were removed from their parents and placed with foster parents for approximately three years. *Id.* at 406, 835 S.E.2d at 518. In January 2018, DSS informed the foster parents it was considering changing the permanent plan from TPR and adoption to relative placement. *Id.* The foster parents filed private TPR and adoption actions on January 29, 2018, and subsequently moved for intervention in the DSS removal action, consolidation of

_____

[2] Foster Mother filed a petition for supersedeas that was denied by this court.
[3] This order was issued despite the fact Foster Mother had an appeal pending in this action, and despite the fact a different family court judge had previously issued an order retaining jurisdiction over both actions.

the two actions, and discovery. *Id*. at 407, 835 S.E.2d at 518. The foster parents also submitted affidavits from the children's therapist and other professionals supporting their continued care of the children. *Id*. at 407-08, 835 S.E.2d at 518-19. On March 19, 2018, the family court heard the motions, which DSS and the parents opposed. *Id*. at 408, 835 S.E.2d at 519. At the hearing, the guardian ad litem for the children asserted intervention was in the children's best interest and would allow the family court to hear all the facts before making a decision. *Id*. at 409, 835 S.E.2d at 519. The family court summarily denied the foster parents' motions. *Id* at 409, 835 S.E.2d at 520.

On certiorari, our supreme court held that when foster parents timely moved to intervene, demonstrated common questions of law and fact between their private TPR actions and the DSS removal action, and provided evidence indicating the children were bonded with them, intervention would allow the family court to receive input from the foster parents that would aid the family court in reaching a timely decision on the merits of the DSS removal action. *Id*. at 412-13, 835 S.E.2d at 521-22. Our supreme court reversed the family court's denial of the motion to intervene, but it cautioned the decision should not be interpreted as a signal to the family court that intervention should be granted in every case. *Id*. at 413, 835 S.E.2d at 522. Our supreme court explained the decision to grant intervention remains in the discretion of the family court following its analysis of the facts and procedural posture of each case. *Id*.

The facts in this case are similar to the facts in *Cooper*. Here, Children were removed from Mother and placed in foster care for over eighteen months. DSS informed Foster Mother it intended to change the permanent plan from reunification to TPR and adoption, after which Foster Mother filed her private action and moved for intervention in the DSS removal case. Foster Mother submitted affidavits and memoranda with her motions supporting Children's attachment to her, and the family court summarily denied Foster Mother's motions—even though the court had not yet issued a final order on Children's permanency plan. Much like the foster parents in *Cooper*, Foster Mother timely moved to intervene, demonstrated common questions of law and fact between her action and the DSS removal action, and sought to provide evidence indicating Children were bonded to her. Therefore, we find the family court erred in denying Foster Mother's motion for intervention. Further, we find the family court abused its discretion when it refused to consider the affidavit and memoranda attached to Foster Mother's motions because they pertained directly to the best interests of Children. *See Cooper*, 428 S.C. at 416, 835 S.E.2d at 523 ("[I]n every ruling made by the family court impacting the rights of children, including those procedural in

nature, the family court must consider the best interests of the subject children."). Based on the foregoing, we reverse the denial of intervention.[4]

However, we are faced with the difficulty of crafting a remedy now that Children have been reunified with Mother and the family court has closed the DSS action.[5] Children have been reunified with Mother since 2019, which indicates the family court has determined Children could be safely maintained in Mother's home. Based on the mandate of the permanency planning statute, it is unclear what evidence Foster Mother could now present to change the outcome of that decision. *See* S.C. Code Ann. § 63-7-1700(D) (Supp. 2019) ("If the court determines at the permanency planning hearing that the child may be safely maintained in the home . . . , the court *shall* order the child returned to the child's parent.") (emphasis added). Foster Mother's TPR and adoption action is still pending before the family court. Although we acknowledge Children's return to Mother will, as a practical matter, affect Foster Mother's likelihood of success in that action, we find her legal rights in adopting Children will be adequately protected by her private action. Thus, we decline to reopen the DSS removal action under these facts.

**REVERSED.**[6]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[4] Because we reverse the denial of intervention, we need not address whether the family court erred in denying Foster Mother's motion to join in the DSS removal action. *See Cooper*, 428 S.C. at 415, 835 S.E.2d at 522 (declining to address joining foster parents to the DSS removal action because the "reversal of the family court's denial of [the f]oster [p]arents' motion to intervene in the DSS removal action moot[ed] th[e] issue" of joinder).

[5] Although section 63-7-1700(K) of the South Carolina Code (Supp. 2019) provides the family court retains jurisdiction during the pendency of an appeal to review the status of children and act on matters not affected by the appeal, we find it concerning that the family court *closed* that action while Foster Mother's appeal from the denial of intervention in that action was pending before this court.

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.