**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

E.G. and J.J., by and through their Guardian ad Litem, John D. Elliott, Appellants,

v.

South Carolina Department of Social Services, F/N/U Montgomery, Katray Washington, Brigid Kennedy, and Avone Hunter, Respondents.

Appellate Case No. 2020-001634

———————————

Appeal From Florence County
FitzLee H. McEachin, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-033
Submitted November 1, 2021 – Filed February 2, 2022
Withdrawn, Substituted and Refiled April 27, 2022

———————————

**AFFIRMED**

———————————

Deborah J. Butcher and Robert J. Butcher, both of The Camden Law Firm, PA, of Camden, for Appellants.

Joseph P. McLean, of Clarke Johnson Peterson & McLean, PA, of Florence, for Respondents South Carolina Department of Social Services, Katray Washington, Brigid Kennedy, and Avone Hunter.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant; and Andrew Luther Richardson, Jr., of McAngus Goudelock & Courie, LLC, of Columbia, both for Respondent F/N/U Montgomery.

---

**PER CURIAM:**  E.G. and J.J. (the Children) by and through their guardian ad litem appeal the family court's denial of their motion to unseal.  On appeal, the Children argue the family court erred by refusing to unseal the adoption record of P.M. for use in the Children's civil suit against the Department of Social Services (DSS), DSS caseworkers,[1] and Annie Montgomery—P.M.'s adoptive mother.

Appellants and Respondents agree that the applicable standard for disclosure is "good cause" as set forth in § 63-9-780 of the South Carolina Code (2008).[2]  The family court did not abuse its discretion by denying the Children's motion to unseal because they made an insufficient showing of good cause.  The Children did not demonstrate why they believed P.M.'s adoption records would contain the information they sought or that they had exhausted the traditional methods of discovery to seek this information.  Thus, they failed to show a compelling need to unseal P.M.'s adoption records.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (providing on appeal from the family court, an appellate court reviews factual and legal issues de novo and evidentiary or procedural rulings using an abuse of discretion standard); S.C. Code Ann. § 63-9-780(C) (2010) (providing adoption files cannot be unsealed unless ordered by the court upon "good cause shown"); *Bradey v. Children's Bureau of S.C.*, 275 S.C. 622, 624, 274 S.E.2d 418, 420 (1981) (holding the circuit court abused its discretion by granting Bradey's motion to unseal his adoption records because the

---

[1] The DSS caseworkers include Katray Washington, Bridget Kennedy, and Avone Hunter.

[2] Whether records related to any prior sexual misconduct of P.M. are discoverable pursuant to avenues other than § 63-9-780 is not an argument that was presented to either the family court or the circuit court.  Consequently, we do not decide whether such records are "files and records pertaining to the adoption proceedings," involving P.M. and Montgomery.  DSS contends because P.M. was adopted by Montgomery, then all of its files and records pertaining to P.M. and Montgomery are "files and records pertaining to the adoption proceedings."  Appellant does not challenge DSS' contention or its construction of § 63-9-780, so that issue is not before us.

record on appeal did not support a finding that Bradey had established good cause); *Doe v. Ward Law Firm, P.A.*, 353 S.C. 509, 514, 579 S.C. 303, 305 (2003) (providing the "good cause" standard requires "an individual show a compelling need").

**AFFIRMED.**[3]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR. The Court held oral argument on the petition for rehearing on April 19, 2022.