**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Lauren Newell and Harold Newell, Defendants,

Of whom Lauren Newell is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-001558

---

Appeal From Beaufort County
Deborah A. Malphrus, Family Court Judge

---

Unpublished Opinion No. 2023-UP-322
Submitted September 26, 2023 – Filed September 27, 2023

---

**AFFIRMED**

---

Jennifer Lynn Mook, of Law Office of Jennifer Mook,
LLC, of Aiken, for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Riley Augustus Bradham, of Bradham Law Firm, of
Charleston, for the Guardian ad Litem.

**PER CURIAM:**  Lauren Newell (Mother) appeals the family court's termination of her parental rights to her two minor children (Children).  On appeal, Mother argues the family court erred in finding (1) she willfully failed to support Children; (2) she failed to remedy the conditions that caused Children's removal; (3) Children had been in foster care for fifteen of the previous twenty-two months; and (4) termination of parental rights (TPR) was in Children's best interests.  We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019); *see also Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (explaining "the proper standard of review in family court matters is de novo").  Despite this standard of review, we are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate the credibility of the witnesses and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).  The appellant has the burden of showing this court the greater weight of evidence is against the family court's findings.  *Id.* at 392, 709 S.E.2d at 655.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest.  S.C. Code Ann. § 63-7-2570 (Supp. 2022).  "A decision by the family court to terminate parental rights must be supported by clear and convincing evidence."  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).

The family court found clear and convincing evidence supported TPR on four statutory grounds.  Because Mother appealed the family court's finding as to only three of these grounds, we hold the family court's ruling on the remaining ground is the law of the case.  *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance").  Therefore, we now turn to whether clear and convincing evidence supported the family court's finding that TPR is in Children's best interests.

Viewing the evidence from Children's perspectives, we hold TPR is in their best interests.  *See Smith*, 343 S.C. at 133, 538 S.E.2d at 287 ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary

concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). The Department of Social Services caseworker testified Children had "blossomed" in their pre-adoptive foster homes, leading her to believe TPR was in Children's best interests. The guardian ad litem (GAL) also recommended TPR, as Children were doing well in their foster homes. According to the GAL, the younger child was affectionate with his foster parents and the older child had "thrived" in her foster home. The older child's therapist opined she was not ready to return to Mother's care. Moreover, Mother admitted at the TPR hearing that she had not completed her court-ordered placement plan and had begun using drugs again because she felt that whether she was drug-free "didn't make a difference" in how frequently she saw or spoke with Children. Based on Children's stable placements in pre-adoptive homes, Mother's failure to address her issues, and the unlikeliness that Mother will be able to provide Children a safe and suitable home in the foreseeable future, we hold clear and convincing evidence showed TPR is in Children's best interests.

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.