**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Andrew Davis Desilet, Appellant,

v.

Amanda Leslie Desilet, Respondent.

Appellate Case No. 2021-000727

———————

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-029
Heard September 12, 2023 – Filed January 24, 2024

———————

**REVERSED**

———————

Martin Rast Banks, of St. Matthews, and Larry Conrad Marchant, Jr., of Columbia, both for Appellant.

Alicia Staley Higgins, of Burriss & Ridgeway, and Carrie Ann Warner, of Warner Law Firm, LLC, both of Columbia, for Respondent.

———————

**PER CURIAM:** Andrew Desilet (Husband) appeals the family court's order sentencing him to six months' imprisonment for violating a contempt order by directly contacting Amanda Desilet (Wife). Husband argues the family court erred because (1) it applied the incorrect burden of proof, (2) the record lacked

evidentiary support for its finding, and (3) the method and procedure of the contempt hearing violated his due process rights. We reverse.

**FACTS AND PROCEDURAL HISTORY**

Husband and Wife married on September 27, 2015, in Lexington County. On October 5, 2019, Husband stated he wanted a separation, and on November 1, 2019, he moved out. Wife filed an action for separate support and maintenance, and Husband filed an answer and counterclaim.

On April 3, 2020, the family court issued a temporary order that included a mutual restraining order prohibiting both parties from having any direct or indirect contact except through their attorneys. The temporary order stated,

> The parties are strictly restrained from contacting the other party directly or indirectly except through his or her attorney. Neither party shall contact the other party through a third party (other than his or her attorney)[.] The parties are strictly restrained from coming around the other's home, place of business or any other location where the other is likely to be seen. The parties are strictly restrained from harassing, threatening, cursing, or stalking the other party, directly or indirectly, electronically or in person.

On June 18, 2020, Wife filed an amended rule to show cause complaint alleging Husband violated the temporary order by posting disparaging remarks about her on Facebook and sending her threatening text messages.

On December 7, 2020, a rule to show cause hearing was held before the family court. At the hearing, Husband entered a plea allocution in which he admitted he violated the temporary order by posting on Facebook and texting, thus directly contacting Wife. The plea allocution stated Husband understood he could be detained if he "violate[d] the restraining order that is in place even one more time in directly contacting [Wife] as restricted by the Temporary Order." The family court issued a contempt order on December 7, 2020 (the December Order), which found Husband in civil contempt and imposed a suspended sentence of six months' imprisonment. The December Order stated "[Husband] is placed under an Order which may result in [him] being detained on a Bench Warrant if he violates the restraining orders that are in place even one more time in directly contacting [Wife] as restricted by the Temporary Order." The December Order also

reaffirmed the restraining orders contained in the temporary order and required Husband to wear an ankle monitor while under the terms of his bond.

On June 1, 2021, Wife filed an affidavit in support of a bench warrant, alleging that since she moved to a new home on April 25, 2021, she had seen Husband drive past her home at least twelve times. She stated her counsel informed her that on April 28, 2021, Husband's ankle monitor had been removed. Wife's affidavit also noted she had taken eight photos of Husband's car passing her house since she moved. On June 2, 2021, an order for a bench warrant was issued and a hearing was scheduled for June 30, 2021.

On June 17, 2021, Wife gave a statement to the Richland County Sheriff's Department alleging Husband had driven by her home more than twenty times since April 25. The Richland County Sheriff's Department issued arrest warrants for Husband for stalking and violating an order of protection, and on June 24, 2021, Husband was arrested and transferred to Lexington County Detention Center.

On June 30, 2021, Wife filed a complaint for a rule to show cause for emergency relief, requesting the court order Husband to comply with the previous restraining orders and serve his six-month sentence. Wife provided the family court with time-stamped photos depicting Husband driving by her residence twenty-one times between May 6, 2021, and June 21, 2021.

The same day, the family court conducted a virtual hearing regarding the bench warrant. Due to technical issues, the family court continued the hearing until the next day, when the parties could appear in person. While determining when to reschedule the hearing, Husband's counsel argued against moving the hearing to the following day, stating, "[M]y client's been in jail for six days already and I believe it is bogus." He did not argue postponing the hearing was a due process violation.

At the hearing, Husband acknowledged he drove by Wife's house, but he alleged he did not know she lived there because she did not inform him she had moved. He claimed he drove by Wife's house on the route to his church and that he regularly drove around listening to music to relax. Husband contended he planned to take a job in Missouri, which he would not do if he was trying to stalk Wife.

Husband also argued this was a criminal contempt action, and therefore the burden of proof was beyond a reasonable doubt. He acknowledged he previously admitted to being in civil contempt of the temporary order and that the December Order

found him to be in civil contempt. The family court stated the December Order gave Husband the opportunity to purge his six-month sentence by suspending the sentence unless he violated the temporary order and December Order again.

Wife indicated Husband had felony stalking charges pending in Richland County from his arrest on June 24, 2021, which occurred after she made a statement to the Richland County Sheriff's Department.

On July 27, 2021, the family court issued an order regarding the bench warrant, finding Husband violated the temporary order and the December Order when he drove by Wife's house at least twenty-two times between May 6, 2021, and June 23, 2021, and ordering him to serve what had been the suspended six-month sentence. The family court noted one of the documents Husband presented to show Wife's name was not associated with her new residence included Wife's maiden name, and it found that driving by Wife's house "would be out of [Husband]'s way" when driving to his church. The family court held that driving by Wife's house constituted direct contact, which violated the "strict prohibition" of the temporary order and the December Order. The family court stated, "[T]he [c]ourt's intent is not to punish [Husband] as much as it is to provide relief that [Wife] has requested, namely the provisions of the restraining order to live free of harassment, stalking, and threats." The family court also stated that whether the burden was clear and convincing or beyond a reasonable doubt, it was difficult to believe Husband unintentionally drove by Wife's house twenty-two times. This appeal followed.

## STANDARD OF REVIEW

"[T]he proper standard of review in family court matters is de novo . . . ."[1] *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018). "Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make

---

[1] As Justice Hill stated in *Campione v. Best*, we recognize that the standard of review for contempt orders may be abuse of discretion. 435 S.C. 451, 458, 868 S.E.2d 378, 381 (Ct. App. 2021) ("We review contempt orders for abuse of discretion, meaning we may only disturb them if they are based on incorrect law or inadequate evidence."). Even if we narrowed the scope of review of the issues on appeal to abuse of discretion, we would decide the issues the same.

credibility determinations." *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014).

## LAW AND ANALYSIS

### I. Contempt

Husband argues Wife failed to establish that he made direct, willing, and knowing contact with her beyond a reasonable doubt. He asserts Wife cited no case law and provided no corroborating testimony to support her claim that he directly contacted her by driving by her house. Husband maintains driving by Wife's residence without knowing she lived there did not constitute direct contact. Husband further argues this was a criminal contempt action, and therefore the family court erred in applying the civil contempt burden of proof of clear and convincing evidence instead of the criminal contempt standard of beyond a reasonable doubt. We agree in part.

We hold the family court erred in finding that Husband directly contacted Wife by driving by her residence when the December Order did not clearly state what constituted "direct contact." *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating the standard of review in family court matters is de novo); *see also Curlee v. Howle*, 277 S.C. 377, 382, 287 S.E.2d 915, 918 (1982) ("Contempt results from the willful disobedience of an order of the court, and before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based."). The December Order stated Husband could be detained on a bench warrant "if he violate[d] the restraining orders that are in place even one more time in directly contacting [Wife] as restricted by the Temporary Order." The December Order did not state Husband would be detained if he violated *any* of the restraints set forth in the temporary order; rather, it only provided he would be detained if he "violate[d] the restraining orders . . . in directly contacting [Wife]."[2] Based on the language of the December Order, we

---

[2] We acknowledge that Husband's conduct of driving by Wife's residence likely violated the restraining orders contained in the temporary order, which restricted Husband and Wife from "stalking the other party, directly or indirectly, electronically or in person" and "from coming around the other's home." We also find Husband's claim that he did not know Wife's new address—which is not on the way to Husband's church—strains credulity. However, these specific

hold it is arguably unclear that Husband driving by Wife's home constituted direct contact. Thus, we hold the family court erred in finding Husband violated the December Order when it did not clearly and specifically state what constituted direct contact. *See Curlee*, 277 S.C. at 382, 287 S.E.2d at 918 ("Contempt results from the willful disobedience of an order of the court, and before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based."). Accordingly, we reverse the family court's order sentencing Husband to six months' imprisonment for violating the December order by directly contacting Wife.[3]

## II. Due Process

Husband argues the family court's decision to delay the hearing due to poor video quality and Wife's scheduling issues violated his due process rights. He contends his counsel's statement, "[M]y client's been in jail for six days already and I believe it is bogus" was a sufficient objection to preserve the issue. We hold Husband's due process argument is not preserved for appellate review. *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding an issue is not preserved for appellate review when an appellant does not raise an issue at trial or through a Rule 59(e), SCRCP, motion).

## CONCLUSION

Based on the foregoing, the family court's order is

**REVERSED.**

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

restrictions were not expressly included in the December Order that the family court found Husband violated when it sentenced him to six months' imprisonment.
[3] Because we reverse the family court's order on the ground that the December Order was not clear and specific as to what constituted direct contact, we need not reach the issue of whether this action constituted civil or criminal contempt. *See Futch v. McAllister Towing of Georgetown, Inc*., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing that an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).