**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jennifer Nicole Sharp and Paul Michael Lee, Defendants,

Of whom Jennifer Nicole Sharp is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-001154

———————

Appeal From Darlington County
Cely Anne Brigman, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-133
Submitted April 11, 2024 – Filed April 24, 2024

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Scarlet Bell Moore, of Greenville; and Tiffany Brooke
Allen, of South Carolina Department of Social Services,
of Hartsville, both for Respondent.

Stuart Wesley Snow, Jr., of Snow & Bailey Law Firm, P.A., of Florence, for the Guardian ad Litem.

**PER CURIAM:** Jennifer Sharp (Mother) appeals the family court's termination of her parental rights to her minor child (Child). On appeal, Mother argues the family court erred by finding clear and convincing evidence showed (1) she failed to remedy the conditions that caused Child's removal; (2) she willfully failed to visit Child; (3) she willfully failed to support Child; (4) she had a diagnosable condition unlikely to change that made her unlikely to provide minimally acceptable care for Child; and (5) termination of parental rights (TPR) was in Child's best interest. We affirm.

The standard of review of family court matters is de novo, with the exception of procedural and evidentiary rulings, which appellate courts review for an abuse of the family court's discretion. *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 596, 813 S.E.2d 486, 486 n.2, 487 (2018). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Id.* at 595, 813 S.E.2d at 487. Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2023). The grounds must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court found clear and convincing evidence supported five statutory grounds for TPR. Because Mother challenged only four of the grounds, the court's ruling on the remaining ground—that Child had been in foster care for fifteen of the previous twenty-two months pursuant to section 63-7-2570(8)—is the law of the case. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance"); § 63-7-2570 ("The family court may order the termination of parental rights upon a finding of *one* or more of the [statutory] grounds and a finding that termination is in the best interest of the child." (emphasis added)). Thus, we now turn to whether TPR is in Child's best interest.

Viewed from Child's perspective, we hold TPR is in her best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). At the time of the TPR hearing, Child had lived with her foster mother and three biological siblings for almost two years. The Department of Social Services (DSS) presented uncontroverted evidence that Child was bonded with her siblings and her foster mother, who was in the process of adopting Child's siblings and wished to adopt Child as well. The DSS case worker and guardian ad litem recommended TPR. Moreover, the evidence showed Mother had not consistently treated her mental health issues, obtained adequate housing only two weeks before the TPR hearing, failed to attend five of the eight scheduled visitations since January of 2023, and exercised sporadic visitation prior to January. Accordingly, we hold TPR is in Child's best interest.

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.