**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Logan Cunningham and Tayon Young, Defendants,

Of whom Tayon Young is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000883

———————————

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

———————————

Unpublished Opinion No. 2025-UP-044
Submitted January 31, 2025 – Filed February 3, 2025

———————————

**AFFIRMED**

———————————

Adam Sinclair Ruffin, of Ruffin Law Firm, LLC, of Columbia, for Appellant.

Luke Taylor Moore and Jordan Alexander McWilliams, both of South Carolina Department of Social Services, of Lexington, for Respondent.

Machelle Yvonne Thompson, of Thompson & Sete'fano, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** Tayon Young (Father) appeals a family court order terminating his parental rights to his minor children (Children). On appeal, Father argues the family court erred in (1) allowing the South Carolina Department of Social Services (DSS) to introduce his criminal history, (2) finding he willfully failed to support Children, (3) granting TPR on the statutory ground that Children had been in foster care for fifteen of the previous twenty-two months, and (4) finding termination of parental rights (TPR) was in Children's best interests. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion. *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Id.* at 595, 813 S.E.2d at 487. Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

We hold the family court did not abuse its discretion in allowing DSS to admit evidence of Father's criminal history. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings under an abuse of discretion standard). Father's incarceration status at the time of the hearing was relevant to the statutory grounds for TPR and Children's best interests. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). As to his prior criminal history, Father did not object to the admission of the report of the guardian ad litem (GAL), which put forth more detailed information on his criminal history than was elicited at the TPR hearing. Accordingly, the testimony at issue was cumulative to the GAL's report. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 140, 538 S.E.2d 285, 290-91

(Ct. App. 2000) (finding any error in the admission of cumulative evidence was harmless).[1]

We hold clear and convincing evidence showed Father willfully failed to support Children. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (explaining the grounds for TPR must be proved by clear and convincing evidence); § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* (explaining that "[f]ailure to support means that the parent has failed to make a material contribution to the child's care"). Uncontroverted testimony showed Father had made no contributions—monetary or otherwise—to Children's care during the pendency of the case. Although Father was incarcerated at the time of the TPR hearing, Children were removed in November 2022, and Father was not incarcerated until August 2023 at the earliest. Moreover, we find Father's failure to support Children was willful because the DSS case worker confirmed DSS did not prevent Father from offering support, and the GAL testified Father told her that although he loved Children, he did not want to "be involved" with DSS. *See id.* ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child . . . ."); *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992) ("Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent."). Thus, we find clear and convincing evidence supports this statutory ground.[2]

---

[1] Father also argued on appeal that evidence of his criminal history was inadmissible under Rule 404(b) of the South Carolina Rules of Evidence; however, this argument is not preserved because Father did not raise it at the TPR hearing. *See McLeod v. Starnes*, 396 S.C. 647, 657, 723 S.E.2d 198, 204 (2012) ("A party may not argue one ground at trial and an alternate ground on appeal." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003))).

[2] Because we hold clear and convincing evidence supports the aforementioned statutory TPR ground, we decline to consider whether the remaining ground was met. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

Finally, we hold the family court properly found TPR was in Children's best interests. *See Smith*, 343 S.C. at 133, 538 S.E.2d at 287 ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). At the time of the TPR hearing, Children were placed together in a pre-adoptive foster home. Although they had been in the foster home for only one month at the time of the hearing, neither Father nor Mother—whose rights were also terminated at the hearing—was in a position to care for Children in the foreseeable future. The evidence showed Children, who were two and three years old at the time of the hearing, were doing well and were beginning to bond with their foster parents. Accordingly, we find TPR is in Children's best interests. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . .").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.