**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Logan Cunningham and Tayon Young, Defendants,

Of whom Logan Cunningham is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000882

---

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

---

Unpublished Opinion No. 2025-UP-043
Submitted January 31, 2025 – Filed February 3, 2025

---

**AFFIRMED**

---

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Rock Hill, for Appellant.

Luke Taylor Moore, of South Carolina Department of Social Services, of Lexington, for Respondent.

Machelle Yvonne Thompson, of Thompson & Sete'fano, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** Logan Cunningham (Mother) appeals a family court order terminating her parental rights to her minor children (Children). On appeal, Mother argues the family court erred in finding termination of parental rights (TPR) was in Children's best interests because (1) the family court's order did not set forth specific facts to support such a finding and (2) the South Carolina Department of Social Services (DSS) failed to assess available relative placement opportunities. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

We hold the family court did not err in terminating Mother's parental rights.[1] Initially, we find the family court's final order set forth sufficient facts to support its conclusion that TPR was in Children's best interests, including Mother's history with DSS dating back to 2020, her failure to complete her court-ordered placement plan, and her continued positive drug screens. Additionally, we find Mother's argument that DSS failed to assess available relative placement opportunities is without merit. The DSS case worker testified that DSS assessed Children's paternal grandparents (Grandparents) twice for placement of Children; in the first instance, Father was still living with them, and on the second occasion, Grandparents were unwilling to submit to the required drug screens. Mother also put forth her stepmother as a potential relative placement, but evidence showed DSS received this information only one week before the TPR hearing.

Moreover, we find TPR is in Children's best interests. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child

---

[1] Mother did not appeal the statutory grounds for TPR.

shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Children were removed from Mother's care in November 2022 due to Mother's drug use, and at the time of the March 2024 TPR hearing, Mother had not completed her placement plan or demonstrated her ability to remain drug-free. Although Children had been in their foster home for only one month at the time of the TPR hearing, uncontroverted evidence showed they were placed together in a pre-adoptive foster home. The case worker and guardian ad litem (GAL) acknowledged Mother consistently visited Children, who appeared bonded to her; however, neither Mother nor Father, whose rights were also terminated at the hearing, was in a position to care for Children in the foreseeable future. Further, the evidence showed Children, who were two and three years old at the time of the hearing, were doing well and beginning to bond with their foster parents, and the GAL recommended TPR. Accordingly, we hold the family court properly found TPR was in Children's best interests. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . .").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.