# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Lori Dandridge Stoney, Respondent,

v.

Richard S.W. Stoney Sr., Petitioner,

and Theodore D. Stoney Jr., Petitioner.

Appellate Case No. 2016-002076

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Orangeburg County
The Honorable Peter R. Nuessle, Family Court Judge

---

Opinion No. 27758
Submitted November 29, 2017 – Filed December 20, 2017

---

## REVERSED AND REMANDED

---

Charles H. Williams, of Williams & Williams, of
Orangeburg, Donald Bruce Clark, of Charleston, and
James B. Richardson Jr., of Columbia, for Petitioners.

J. Michael Taylor, of Taylor/Potterfield, of Columbia,
and Peter George Currence, of McDougall, Self,
Currence & McLeod, of Columbia, for Respondent.

---

**PER CURIAM:**   Petitioners each seek a writ of certiorari to review the decision of the court of appeals in *Stoney v. Stoney*, 417 S.C. 345, 790 S.E.2d 31 (Ct. App. 2016).  In *Stoney*, the court of appeals directed the family court judge to conduct a new trial after holding the judge abused his discretion or otherwise erred in regards to multiple issues.  Finding error in the standard of review applied by the court of appeals, we grant the petitions, dispense with further briefing, reverse the court of appeals, and remand the case to the court of appeals to decide the appeal applying the appropriate standard of de novo review articulated in *Lewis v. Lewis*, 392 S.C. 381, 709 S.E.2d 650 (2011).

In *Lewis*, this Court extensively analyzed the applicable standard of review in family court matters and reaffirmed that it is de novo.  We noted that, while the term "abuse of discretion" has often been used in this context, it is a "misnomer" in light of the fact that de novo review is prescribed by article V, § 5 of the South Carolina Constitution.  *See* S.C. Const. art. V, § 5 (stating in equity cases, the Supreme Court "shall review the findings of fact as well as the law, except in cases where the facts are settled by a jury and the verdict not set aside").

We observed that de novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process:  (1) a trial judge is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial judge.

In the current appeal, the court of appeals cited *Lewis*, but it veered from a complete application of this benchmark.  The court of appeals repeatedly referenced an "abuse of discretion" standard throughout its findings, which culminated in a reversal and remand for a new trial on numerous issues.  As recognized by the parties, once the court of appeals found error in one aspect of the family court judge's ruling, it impacted other components, creating a "domino effect."

Although appellate courts have been citing *Lewis* for the appropriate standard of review in family court matters since its publication in 2011, there appears to be lingering confusion over the actual implementation of this standard.  This is evidenced by the fact that in some decisions the courts have cited *Lewis* while also

simultaneously referencing cases citing an abuse of discretion standard.[1]  In addition, some attorneys continue to cite an abuse of discretion standard in their briefs to this Court.  This trend is troubling in light of the fact that application of the correct standard of review is often crucial in an appeal.  *See Dorman v. Dep't of Health & Envtl. Control*, 350 S.C. 159, 565 S.E.2d 119 (Ct. App. 2002) (highlighting the critical importance of a court's standard for review).  For these reasons, we reiterate that the proper standard of review in family court matters is de novo, rather than an abuse of discretion, and encourage our courts to avoid conflating these terms in appeals from the family court.

Accordingly, we reverse the decision of the court of appeals and remand this case for consideration of the issues on appeal applying the de novo standard.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1]  *See, e.g., McKinney v. Pedery*, 413 S.C. 475, 776 S.E.2d 566 (2015); *Crossland v. Crossland*, 408 S.C. 443, 759 S.E.2d 419 (2014); *Wilburn v. Wilburn*, 403 S.C. 372, 743 S.E.2d 734 (2013); *Woods v. Woods*, 418 S.C. 100, 790 S.E.2d 906 (Ct. App. 2016); *Ricigliano v. Ricigliano*, 413 S.C. 319, 775 S.E.2d 701 (Ct. App. 2015); *Srivastava v. Srivastava*, 411 S.C. 481, 769 S.E.2d 442 (Ct. App. 2015); *Hawkins v. Hawkins*, 403 S.C. 228, 742 S.E.2d 677 (Ct. App. 2013); *Lewis v. Lewis*, 400 S.C. 354, 734 S.E.2d 322 (Ct. App. 2012); *Sheila R. v. David R.*, 396 S.C. 41, 719 S.E.2d 682 (Ct. App. 2011); *Moeller v. Moeller*, 394 S.C. 365, 714 S.E.2d 898 (Ct. App. 2011); *Reed v. Pieper*, 393 S.C. 424, 713 S.E.2d 309 (Ct. App. 2011).