**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher K. Maddaloni, Respondent,

v.

Jacqueline Pidanick, Appellant.

Appellate Case No. 2017-000175

Appeal From Beaufort County
David G. Guyton, Family Court

Unpublished Opinion No. 2019-UP-337
Submitted September 1, 2019 – Filed October 9, 2019

**AFFIRMED**

Jacqueline Pidanick, of Bluffton, pro se.

Marshall L. Horton, of Horton & Goodman, LLC, of Bluffton, for Respondent.

**PER CURIAM:** Jacqueline Pidanick (Mother), pro se, appeals a February 1, 2017 family court order finding her in willful contempt of court. On appeal, Mother argues the family court erred by (1) violating her First Amendment right, (2) relying on an order that was not in its jurisdiction, and (3) violating her right to due

process by denying her motion to continue.  Mother also argues a court reporter fraudulently changed a 2014 hearing transcript.  We affirm.[1]

Initially, the family court did not abuse its discretion by denying Mother's motion to continue.  *See Plyer v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or denial of a continuance is within the sound discretion of the [family court] and is reviewable on appeal only when an abuse of discretion appears from the record."); *Trotter v. Trane Coil Facility*, 393 S.C. 637, 645, 714 S.E.2d 289, 293 (2011) ("For appellate purposes, an abuse of discretion occurs where the ruling is based on an error of law or, where the ruling is grounded upon factual findings, is without evidentiary support.").  Although Mother contends her due process rights were violated because she only had five days' notice, Mother admitted she was served with the rule to show cause actions on January 6, 2017, and the family court did not hold the rule to show cause hearing until January 16, 2017.  Thus, Mother had the statutorily required ten days' notice.  *See* Rule 14(d), SCRFC ("The rule to show cause, and the supporting affidavit or verified petition, shall be served, in the manner prescribed herein, not later than ten days before the date specified for the hearing, unless a different notice period is fixed by the issuing judge within the rule to show cause.").  Moreover, to the extent Mother argues the family court erred by denying her motion to continue because it denied her an attorney, Mother acknowledged she received a letter from Christopher K. Maddaloni's (Father's) counsel on December 9, 2016, asking her to remove the social media posts that violated the April 2015 order or Father would file a rule to show cause.  Thus, Mother had more than a month to seek counsel.  Further, as the family court noted, Mother had "prepared [her]self well."

Additionally, we find Mother's argument her First Amendment right shields her from contempt is not preserved for appellate review.  *See Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e)[, SCRCP,] motion to alter or amend the judgment.").  Moreover, because Mother does not contest the family court's findings that she posted on social media and the comments defamed Father, we find the family court did not err by finding Mother was in willful contempt of the April 1, 2015 order.[2]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Additionally, Mother argues the family court erred by relying on the May 6, 2016 order to find her in contempt because the order "was not fully functional and was not in the [family] court's jurisdiction"; however, we decline to address this issue because the prior issues are dispositive.  *See Futch v. McAllister Towing of*

*See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . .").[3]

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

*Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining the appellate court need not address remaining issues when disposition of prior issues is dispositive).

[3] As to issue four, we find Mother's issue regarding the transcript of the 2014 hearing is not preserved for appellate review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court.").