**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tracy L. Pracht, Respondent,

v.

Gregory B. Pracht, Appellant.

Appellate Case No. 2017-000235

———————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-399
Submitted November 1, 2019 – Filed December 18, 2019

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellant.

Daniel Dominic D'Agostino, of D'Agostino Law Firm, of York, for Respondent.

———————

**PER CURIAM:** Gregory B. Pracht (Husband) appeals the family court's confirmation of an amended arbitration award between him and his ex-wife Tracy L. Pracht, arguing (1) his motion to vacate the amended arbitration award and

confirm the initial arbitration award was timely and (2) no grounds existed to amend the initial award.  We affirm[1] pursuant to Rule 220(b), SCACR.

1.  Husband failed to timely file his motion to vacate the amended arbitration award because more than ninety days elapsed from the delivery of the amended arbitration award on or about March 11, 2016, and the filing of his motion on December 12, 2016.  *See Stoney v. Stoney*, 422 S.C. 593, 594, 813 S.E.2d 486, 486 (2018) (stating that on appeal from the family court, this court reviews factual and legal issues de novo); S.C. Code Ann. § 15-48-130(b) (2005) ("An application under this section [to vacate an arbitration award] shall be made within ninety days after *delivery* of a copy of the award to the applicant . . . ." (emphasis added)); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); *id.* ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.  Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03, at 94 (5th ed. 1992))).

2.  Because the family court did not err in confirming the amended arbitration award, we need not address Husband's arguments about confirming the initial arbitration award and that no ground existed to amend the initial award.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.