**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

James Carr, Jennifer Carr, and Michael Cornejo,
Defendants,

Of whom Jennifer Carr is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000426

———

Appeal From Dorchester County
Cely Anne Brigman, Family Court Judge

———

Unpublished Opinion No. 2024-UP-012
Submitted November 1, 2023 – Filed January 3, 2024

———

**AFFIRMED**

———

Megan Catherine Hunt Dell and Mikaila Paige Matt, both of Dell Family Law, P.C., of Charleston, for Appellant.

Kyra Ayn McMillan, of Corvey Law Firm, LLC, of Charleston, and Scarlet Bell Moore, of Greenville, both for Respondent.

Jessica Leigh Birt, of Summerville, for the Guardian ad Litem.

_____

**PER CURIAM:**  Jennifer Carr ("Mother") appeals the family court's dismissal of South Carolina Department of Social Services' ("SCDSS") child abuse intervention action.  On appeal, Mother argues the family court erred: (1) in finding that testimony of a forensic interviewer was necessary to make a finding of sexual abuse perpetrated by James Carr ("Father") against Female Child 1 when Female Child 1 testified; (2) in finding that testimony of an expert connecting Female Child 1's behavioral problems to sexual abuse by Father was necessary to find that Father had sexually abused her; (3) in finding that the absence of Mother's testimony was relevant, as Mother's testimony would be improper bolstering of Female Child 1's credibility, and Mother accepted a database finding of failure to protect Female Child 1 from sexual abuse by Father; and (4) when it did not weigh the credibility of the witnesses to find Female Child 1's testimony more credible than Father's.  We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in dismissing this child abuse intervention action.  Although the family court listed testimony it believed SCDSS could have presented at the merits hearing, its ultimate finding was that based on the evidence SCDSS presented at the hearing, SCDSS failed to meet its burden of proving that by the preponderance of the evidence Father sexually abused Female Child 1.  Taking our own view of the preponderance of the evidence while giving deference to the family court's credibility determinations, we hold the family court did not err in this finding.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not order that a child be removed from the custody of the parent . . . unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child . . . and . . . return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(22) (Supp. 2023) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2023) (providing "'[c]hild abuse or neglect' or 'harm' occurs when" a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child"). S.C. Code Ann. § 63-7-1940(A)(1)(b) (Supp. 2023) (explaining court must order a person's name be entered on the Central Registry of

Child Abuse and Neglect "if the court finds that there is a preponderance of evidence that the person . . . sexually abused the child"); *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *S.C. Dep't of Soc. Servs. v. Polite*, 391 S.C. 275, 279, 705 S.E.2d 78, 80 (Ct. App. 2011) ("On appeal from the family court, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence."); *Brantley v. Brantley*, 441 S.C. 284, 294, 893 S.E.2d 349, 354 (Ct. App. 2023) ("The appellate court generally defers to the findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor." (quoting *Clark v. Clark*, 423 S.C. 596, 603, 815 S.E.2d 772, 776 (Ct. App. 2018))); *id.* ("The party contesting the family court's decision bears the burden of demonstrating the family court's factual findings are not supported by the preponderance of the evidence." (quoting *Clark*, 423 S.C. at 603, 815 S.E.2d at 776)).[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We directed the parties to brief the issue of whether Mother was a party aggrieved by the family court's order. Although we have proceeded to address the merits of the appeal, we question the alignment of the parties, including (1) why SCDSS, which was the party aggrieved, failed to appeal the family court's order and instead accepted Mother's designation of it as respondent even though it joined with Mother in advocating for this court to reverse the family court; and (2) why the parties did not designate Father as a respondent.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.