**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Cynthia G. Levine, Appellant.

In the interests of minors under the age of eighteen.

Appellate Case No. 2023-000238

Appeal From Horry County
Holly H. Wall, Family Court Judge

Unpublished Opinion No. 2024-UP-157
Submitted April 30, 2024 – Filed May 1, 2024

**AFFIRMED**

Nancy Carol Fennell, of Irmo, for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of
Myrtle Beach, for the Guardian ad Litem.

**PER CURIAM:**  In this abuse and neglect action, Mother appeals a merits removal order.  On appeal, she argues the family court erred in (1) finding she neglected her child (Child 1), who turned eighteen before the removal hearing, and her two minor children (Child 2 and Child 3; collectively, Children); (2) granting custody of Children to the Department of Social Services (DSS); (3) authorizing DSS to forego reasonable efforts at reunification; and (4) ordering a permanent plan of termination of parental rights (TPR) and adoption.  We affirm.

"[T]he proper standard of review in family court matters is de novo . . . ."  *Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018).  "In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence."  *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)).  Despite this standard of review, we are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate the credibility of the witnesses and assign comparative weight to their testimony.  *Id.* at 385, 709 S.E.2d at 651-52.  Moreover, the appellant has the burden of showing this court the greater weight of the evidence is against the family court's findings.  *Id*. at 392, 709 S.E.2d at 655.

We hold the family court properly found Mother neglected Child 1 and Children and granted custody of Children to DSS because the preponderance of the evidence showed Mother left Child 1 at a fire station after being cautioned not to do so and subsequently failed to provide alternate caregivers for Children when she was arrested.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not order that a child be removed from the custody of the parent . . . unless the court finds the allegations of the petition are supported by a preponderance of evidence including a finding that . . . return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2023) (explaining "child abuse or neglect" or "harm" occurs when a parent has "engage[d] in acts or omissions which present a substantial risk of physical or mental injury to the child").  Moreover, DSS's expert testified Children could not be returned to Mother's care without "major" behavioral changes Mother had not undertaken at the time of the hearing.

Further, we hold the family court did not err in allowing DSS to forego reasonable efforts at reuniting Mother and Children and approving a permanent plan of TPR and adoption.  *See* S.C. Code Ann. § 63-7-1640(C)(1)(b) (Supp. 2023) (explaining

the family court may authorize DSS to forego reasonable efforts at reunification when it determines the parent has subjected a child to severe or repeated neglect); S.C. Code Ann. § 63-7-1640(F) (Supp. 2023) ("In determining whether to authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the court must consider whether initiation or continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child.").  At the time of the removal hearing, Mother had undertaken recommended services for approximately ten months, including parenting classes, drug and alcohol education, and mental health counseling; however, her service providers uniformly testified she had not been able to identify any changes she could make in her parenting style outside of improving her communication skills.  Dr. Melissa Muse, Child 2's therapist and an expert in child therapy, testified she stopped providing family therapy to Mother and Child 2 because Mother, while technically cooperative, did not believe she needed to make any changes; Dr. Muse disagreed and opined Mother would need to make significant changes in order to resume care of Child 2, who suffered from extensive mental health issues.  Mother's visitation had ceased the month before the hearing due to Mother's failure to make behavioral changes— despite repeated suggestions—and concern that the visits were not beneficial to Children.  We find a preponderance of the evidence showed Mother subjected Children to severe or repeated neglect by failing to provide alternative caregivers when she was arrested and continually refusing to accept responsibility or make behavioral changes.  *See* S.C. Code Ann. § 63-7-20(22) (Supp. 2023) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition.").  Accordingly, the family court did not err in authorizing DSS to forego reasonable efforts at reunification and in adopting a permanent plan of TPR and adoption.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.