**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alfreda D. Spann, Respondent,

v.

Leroy Spann, Appellant.

Appellate Case No. 2022-001635

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No. 2024-UP-187
Submitted May 8, 2024 – Filed May 22, 2024

**AFFIRMED**

Stephen Bryan Doby, of Jennings & Jennings, PA, of Bishopville, for Appellant.

Paul L. Held, of Law Ofc. of Paul L. Held, of Sumter, for Respondent.

**PER CURIAM:** Leroy Spann (Husband) appeals from the entry of the final divorce decree, arguing the family court erred by finding Alfreda D. Spann (Wife) was entitled to $56,210.00 of special equity interest in Husband's real property because the finding was without evidentiary support. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err by awarding Wife special equity interest in the increase in the value of Husband's real property because there was evidence Wife contributed directly or indirectly to the increase. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews the family court's decisions de novo); S.C. Code Ann. § 20-3-630(A)(5) (2014) (providing any increase in value in nonmarital property is nonmarital property, "except to the extent that the increase resulted directly or indirectly from efforts of the other spouse during marriage"); *Hagood v. Hagood*, 427 S.C. 642, 652, 832 S.E.2d 609, 615 (Ct. App. 2019) ("We recognize the contributions of a spouse to nonmarital property through the award of a special equity interest in such property.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.