**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Rachel Parsons, Nathan Chambers, and John Chambers,
Defendants,

Of whom Nathan Chambers is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-000043

―――――――――

Appeal From Greenville County
Katherine H. Tiffany, Family Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-217
Submitted June 13, 2024 – Filed June 17, 2024

―――――――――

**AFFIRMED**

―――――――――

Nathan Chambers, of Seneca, pro se.

Amanda Stiles, of South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

———————————

**PER CURIAM:** Nathan Chambers (Father) appeals two orders from the family court. The first order, an October 2022 merits removal order, found Father stipulated without admission, pursuant to *North Carolina v. Alford*,[1] that by a preponderance of evidence, Father physically neglected Child and approved a placement plan agreed to by Father. The second order, filed in November 2022, addressed four motions filed by Father, including a Rule 59(e) of the South Carolina Rules of Civil Procedure motion to the October 2022 merits removal order; a motion to stay execution of judgment; a motion for return of Child; and a motion to dismiss. On appeal, Father argues (1) his constitutional rights were violated when he was prevented from attending the scheduling conference shortly before the merits hearing and prevented from raising motions in a timely manner at the merits hearing; (2) his *Alford* stipulation is void because his responses to the family court were conditional and like a conditional guilty plea, a conditional stipulation should be rendered void; (3) he involuntarily stipulated to the terms set forth in the October 2022 merits removal order; (4) his request for sanctions for discovery violations were properly before the family court even though he withdrew his motion to compel; and (5) he was entitled to relief pursuant to Rule 37 of the South Carolina Rules for Civil Procedure despite raising the motion to dismiss in a posttrial motion because he did not know sanctions were necessary until after the merits hearing. We affirm pursuant to Rule 220(b), SCACR.

Initially, we hold Father's arguments regarding violations of his constitutional rights are not preserved for appellate review because they were not raised to and ruled on during the merits hearing. *See Kosciusko v. Parham*, 428 S.C. 481, 506, 836 S.E.2d 362, 375 (Ct. App. 2019) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (alteration in original) (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003))); *id.* ("Issues not raised and ruled upon in the [family] court will not be considered on appeal." (alteration in original) (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)). At no time during the merits hearing did Father raise issues or arguments related to his constitutional rights, the scheduling hearing, or the timeliness of his motions being heard. Additionally, Father's argument that his *Alford* stipulation is void is not preserved for appellate review because it was not

———————————

[1] 400 U.S. 25 (1970).

raised to and ruled on by the family court. *See id.* (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)).

We further hold the family court did not err by finding meritless Father's assertion that his stipulation to the terms of the October 2022 merits removal order was not voluntary. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews the family court's decisions de novo). Father was questioned at length and under oath regarding his *Alford* stipulation, his agreement to the provisions in the placement plan, and that Child would remain in the custody of the South Carolina Department of Social Services (DSS), and although the family court asked if Father was "feeling pressured, in any way, to agree to these terms," Father responded, "No, Your Honor." Thus, Father has failed to establish his stipulation was involuntary.

We hold the family court did not err by denying Father's motion to dismiss, which was premised on DSS's alleged failure to respond to discovery. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating an appellate court reviews the family court's decisions de novo). At the merits hearing, Father stated the motion to compel and motion for a continuance were "nullified" and withdrew the motions; thus, although Father contends the matters are still ripe for adjudication and this court "is properly within the bounds of its authority, at a minimum, to remand to the lower court to secure a ruling on this particular issue," there was nothing for the family court to rule on because Father withdrew his motions and as discussed above, Father's stipulation stands. Further, because Father withdrew his motion to compel, he waived any right to seek sanctions for the alleged violations. *See Kosciusko*, 428 S.C. at 506, 836 S.E.2d at 375 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (alteration in original) (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693)); *id.* ("Issues not raised and ruled upon in the [family] court will not be considered on appeal." (alteration in original) (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.