**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brittany Rochelle Howell and William Christopher Turner, Defendants,

Of whom William Christopher Turner is the Appellant

and

Brittany Rochelle Howell is a Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000913

---

Appeal From Spartanburg County
M. Todd Thigpen, Family Court Judge

---

Unpublished Opinion No. 2025-UP-088
Submitted March 12, 2025 – Filed March 14, 2025

---

**AFFIRMED**

---

Kenneth Philip Shabel, of Kennedy & Brannon, P.A., of Spartanburg, for Appellant.

John Brandt Rucker and Allyson Sue Rucker, both of The Rucker Law Firm, LLC, of Greenville; and Stephanie McQueen, of McQueen Legal LLC, of Landrum, all for Respondent Brittany Rochelle Howell.

Robert C. Rhoden, III, of South Carolina Department of Social Services, of Spartanburg, for Respondent South Carolina Department of Social Services.

Jonathan Drew Hammond, of Greer, for the Guardian ad Litem.

---

**PER CURIAM:**  William Christopher Turner (Father) appeals a family court order terminating his parental rights to his minor children (Children).  On appeal, Father argues the family court erred in finding termination of parental rights (TPR) was in Children's best interests because the South Carolina Department of Social Services (DSS) failed to consider relative placement opportunities.  We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Under the de novo standard of review, this court may make its own findings of fact.  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).  Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings.  *Id.*

We hold Father's argument that DSS failed to consider relative placement opportunities is without merit.  In the September 4, 2023 permanency planning order, the family court found DSS assessed Children's paternal grandmother (Grandmother) for placement of Children and concluded such a placement was not in Children's best interests.  In the same order, the family court found the evidence presented at the permanency planning hearing supported DSS's decision not to pursue placing Children with Grandmother.

Moreover, we find TPR is in Children's best interests.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000)

("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Sergeant Thomas McGowan, of the Spartanburg County Sheriff's Office, testified at the TPR hearing that on February 13, 2022, he responded to a domestic disturbance in which Father took Child 2 into the woods to prevent releasing Child 2 to Mother. Subsequently, Child 2 was placed in emergency protective custody because (1) Mother's text messages declared she no longer wanted contact with Child 2; and (2) a welfare check at Father's residence showed the home was dirty, cluttered, and lacking sufficient quantities of food and baby supplies. While Child 2's case was pending within DSS, Child 1 was born and tested positive for methamphetamine. Children were placed initially with maternal grandparents but subsequently entered into foster care because Children tested positive for methamphetamine and had unsupervised contact with Mother. Children were placed together in the same foster home and the placement was a potential adoptive resource. On August 26, 2022, the family court ordered Father to complete a placement plan; however, as of the August 11, 2024 TPR hearing, Father had not completed the placement plan. The caseworker testified at the TPR hearing that Father refused to complete the placement plan because he did not believe he did anything wrong, did not agree with the requirements, and did not trust DSS. The caseworker and guardian ad litem (GAL) recommended TPR, and the GAL testified she did not believe Father would be able to care for Children in the foreseeable future. Further, the evidence showed Children were doing well and were bonded to their foster family. Accordingly, we hold the family court properly found TPR was in Children's best interests. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . .").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.