**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Colleen Dagg and John Doe, Defendants,

Of whom Colleen Dagg is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-000992

---

Appeal From Horry County
Jan B. Bromell Holmes, Family Court Judge

---

Unpublished Opinion No. 2025-UP-131
Submitted April 8, 2025 – Filed April 16, 2025

---

**AFFIRMED**

---

Nancy Carol Fennell, of Irmo, for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of Myrtle Beach, for the Guardian ad Litem.

**PER CURIAM:** Colleen Dagg (Mother) appeals the family court's termination of her parental rights (TPR) to her minor child (Child). On appeal, Mother argues the family court erred in finding clear and convincing evidence proved (1) Mother failed to remedy the conditions that caused Child's removal and (2) Child had been in foster care for fifteen of the most recent twenty-two months. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

We hold clear and convincing evidence showed Child had been in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (explaining the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (stating the grounds for TPR must be proved by clear and convincing evidence); § 63-7-2570(8) (Supp. 2024) (providing a statutory ground for TPR is met when a "child has been in foster care . . . for fifteen of the most recent twenty-two months"). At the time of the March 18, 2024 TPR hearing, Child had been in the custody of the Department of Social Services (DSS) for twenty-seven months. We find Mother's failure to demonstrate she had stable housing and income caused the delay in reunification. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Specifically, Mother did not comply with the attempts of Delaware Child Protective Services (CPS) to do an Interstate Compact on the Placement of Children evaluation. Further, Mother did not provide documentation regarding employment until three days before the hearing and testified she did not obtain employment until two months before the TPR hearing, by which point Child

had already spent twenty-five months in foster care.  Therefore, any delays are attributable to Mother's failure to obtain employment until shortly before the hearing and her refusal to cooperate with Delaware CPS.[1]

Viewed from Child's perspective, we hold TPR is in her best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  The DSS caseworker testified Child was removed from Mother when she was two months old and had not seen Mother in person for almost a year at the time of the TPR hearing.  Further, Child had been in foster care for twenty-seven months at the time of the hearing, and a year and a half of that time had been spent with her current foster family, who desired to adopt Child.  Moreover, the DSS caseworker testified Child was doing well in her adoptive placement, where she resided with her sibling.  Finally, as discussed above, DSS was unable to verify whether Mother had suitable housing for Child because Mother failed to cooperate with Delaware CPS, who sought to complete the ICPC evaluation.  Accordingly, we hold TPR is in Child's best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] Because we hold clear and convincing evidence showed Child had been in foster care for fifteen of the most recent twenty-two months, we decline to consider the remaining statutory TPR ground.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.