**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Kaitlynn Durden, Timothy Gray, and Deanna Durden,
Defendants,

Of whom Kaitlynn Durden and Timothy Gray are
Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2025-000024

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

Unpublished Opinion No. 2025-UP-301
Submitted August 12, 2025 – Filed August 22, 2025

**REVERSED AND REMANDED**

Ashley April Milan, of Conway; and Alwyn Taylor Silver, of the South Carolina Department of Social Services, of Georgetown, both for Appellant.

Kaitlynn Durden, of Aynor, pro se.

Timothy Gray, of Aynor, pro se.

Heather Marie Moore, of Axelrod & Associates, PA, and
Michael Julius Schwartz, of Russell B. Long, PA, both of
Myrtle Beach, for the Guardian ad Litem.

———————————

**PER CURIAM:** The South Carolina Department of Social Services (DSS) appeals the family court's dismissal of its removal action. On appeal, DSS argues the family court erred in dismissing the action because DSS retained the statutory authority to file a family court action. We reverse and remand.

We hold the statute does not limit DSS's authority to petition the family court for removal of a child based on the status of an administrative appeal filed pursuant to section 63-7-1430 of the South Carolina Code (2010). *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 596, 813 S.E.2d 486, 486 n.2, 487 (2018) (confirming the standard of review of family court matters is de novo, with the exception of procedural and evidentiary rulings, which are reviewed for an abuse of discretion); *S.C. Dep't of Soc. Servs. v. Scott*, 438 S.C. 400, 413, 883 S.E.2d 229, 236 (Ct. App. 2023) ("[T]he family court has exclusive original jurisdiction over abuse and removal proceedings."); S.C. Code Ann. § 63-7-920(A)(1)-(3) (Supp. 2024) (requiring DSS to investigate reports of suspected child abuse or neglect and determine within sixty days whether the report should be designated as "indicated" or "unfounded"); S.C. Code Ann. § 63-7-930(B)(1) (2010) ("Indicated findings must be based upon a finding of the facts available to [DSS] that there is a preponderance of evidence that the child is an abused or neglected child."); § 63-7-1430(A) ("If [DSS] determines that a report of suspected child abuse or neglect is indicated and [DSS] is not taking the case to the family court for disposition, . . . [DSS] shall provide notice of the case decision by certified mail to the person determined to have abused or neglected the child. The notice must inform the person of the right to appeal the case decision and that, if he intends to appeal the decision, he must notify [DSS] of his intent in writing within thirty days of receipt of the notice."); S.C. Code Ann. § 63-7-1660(A) (2010) ("[A]t any time during the delivery of services by [DSS], the department may petition the family court to remove the child from custody of the parent . . . if [DSS] determines by a preponderance of evidence that the child is an abused or neglected child and . . . cannot be safely maintained in the home . . . ."); S.C. Code Ann. § 63-7-1420 (2010) (detailing the procedure to be followed in instances of simultaneously occurring family court proceedings and administrative appeals of DSS's abuse or

neglect determinations).  Accordingly, we reverse and remand to the family court for a hearing on the merits of the removal complaint.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.