**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Basham and Sara Basham, Appellants,

v.

Sabrina Leigh Maxwell and T.G.B., a minor under the age of 14 years, Defendants,

Of whom Sabrina Leigh Maxwell is the Respondent.

Appellate Case No. 2023-001539

———————

Appeal From Beaufort County
Douglas L. Novak, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-420
Submitted November 26, 2025 – Filed December 9, 2025

———————

**AFFIRMED**

———————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Rock Hill, for Appellants.

Sabrina Leigh Maxwell, of Herculaneum, Missouri, pro se.

Stephen Schaeffer Meyer, of Vaux Marscher Berglind, P.A., of Bluffton, as the Guardian ad Litem.

———————

**PER CURIAM:** Mark and Sara Basham (Father and Stepmother; collectively, Appellants) appeal the family court's order refusing to terminate Sabrina Leigh Maxwell's (Mother's) parental rights to her and Father's minor child (Child) and to allow Stepmother to adopt Child. On appeal, Appellants argue the family court erred in (1) finding preservation of Mother's parental rights was in Child's best interest, (2) failing to terminate Mother's parental rights when she willfully failed to visit Child, and (3) making factual findings that were contradicted and unsupported by the facts. We affirm pursuant to Rule 220(b), SCACR.

"Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings." *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011). De novo review does not relieve an appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

We hold the family court did not err in denying Appellants' request to terminate Mother's parental rights.[1] We acknowledge testimony indicated Mother's inconsistent contact with Child and failure to visit for a period of time had detrimental effects on Child's mental health. However, Child—who was thirteen years old at the time of the early 2023 TPR hearing—desired a relationship with Mother and did not wish to be adopted, especially if adoption could sever her relationship with Mother and Mother's extended family. Further, the guardian ad litem (GAL) expressed concern about how terminating Mother's parental rights would affect Child's mental health, and Mother testified she wanted to visit and call Child more. Thus, although we are concerned about Mother's previous inconsistent contact with Child and the detrimental effects such contact had on Child's mental health, we hold preserving Mother's parental rights is in Child's best interest, especially in light of Child's age, access to her own cellphone, and desire

---

[1] The family court found at least one statutory ground for termination of parental rights (TPR) existed, and Mother did not appeal that finding; thus, we consider only whether TPR and adoption were in Child's best interest. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2025) (stating the family court may order TPR upon finding clear and convincing evidence supports at least one statutory ground and TPR is in the child's best interest).

to have a relationship with Mother. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *cf.* S.C. Code Ann. § 63-15-30 (2010) ("In determining the best interests of the child, the court must consider the child's reasonable preference for custody."); *id.* ("The court shall place weight upon the preference based upon the child's age, experience, maturity, judgment, and ability to express a preference."); *Brown v. Brown*, 362 S.C. 85, 96, 606 S.E.2d 785, 791 (Ct. App. 2004) ("[T]he preference of any child is merely a factor in the analysis—it is not determinative."); *id.* at 95, 606 S.E.2d at 790 ("[A] determination of the best interests of the child is paramount to the child's preference.").

As to Appellants' remaining arguments, we hold the family court did not base its decision solely on Child's desire for continued contact with Mother or place undue weight on Child's wishes. Rather, the court considered Child's desires as it is permitted to do, in combination with the GAL's testimony, to determine whether TPR and adoption were in Child's best interest. *Cf.* § 63-15-30 ("In determining the best interests of the child, the court must consider the child's reasonable preference for custody."); *id.* ("The court shall place weight upon the preference based upon the child's age, experience, maturity, judgment, and ability to express a preference."); *Brown*, 362 S.C. at 96, 606 S.E.2d at 791 ("[T]he preference of any child is merely a factor in the analysis—it is not determinative."); *id.* at 95, 606 S.E.2d at 790 ("[A] determination of the best interests of the child is paramount to the child's preference."). We also hold the family court did not fail to consider the testimony of Child's former therapist, Patricia Owings-Alley, about Mother's interaction with Child and opinion that TPR was in Child's best interest or that TPR and adoption would provide stability to Child. Rather, the family court considered the evidence at trial and ultimately concluded Child's interest was best served by preserving Mother's parental rights, and we note Owings-Alley had not seen Child since June 2021—almost two years prior to trial.

Further, as to Appellants' arguments that the family court failed to (1) consider the various issues the GAL discussed at trial, (2) address the GAL's recommendations in its order, and (3) address at the hearing whether the GAL followed up with Child's counselor's recommendation that Mother undergo an evaluation, we hold the family court considered the GAL's testimony and report, and we note the GAL testified he contacted two individuals to see if they would conduct the evaluation but the parties disputed who would pay for it and the evaluation did not occur. Additionally, as to Appellants' argument about the impact Child's behavior had on

her immediate family, the family court heard testimony from Appellants and Owings-Alley regarding how Child's mental health suffered after inconsistent contact with Mother and how that resulted in adverse effects on her immediate family, including her younger brothers. Thus, we hold the family court did not fail to consider how Mother's behavior affected Child's mental health, which adversely affected her immediate family. Moreover, although the family court found Mother willfully failed to visit Child for over six months, this is not dispositive, and the family court considered Mother's failure to visit and how Child's health was adversely affected by her lack of contact before ultimately concluding TPR and adoption were not in Child's best interest. Finally, as to the family court's finding that Mother had "expressed a sincere desire to re-engage with [Child] on a more meaningful basis and be an integral part of her maturation process," we hold the family court was within its authority to make this finding because Mother testified she wanted to be involved in Child's life, and the GAL reported Mother indicated she wanted to call Child more often and visit with Child during the summer and holidays, she would do anything to prove she belonged in Child's life, and she fully intended to be more involved with Child's life. Accordingly, we hold the family court determined what would most likely ensure Child's physical and mental well-being was cared for; thus, we hold it did not err in its findings. Based on the foregoing, we affirm the family court's order.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.