**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Stephanie Bartlette and Brandon J. Bartlette, Defendants,

Of whom Brandon J. Bartlette is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2024-001524

———————

Appeal From Clarendon County
Angela R. Taylor, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-434
Submitted December 17, 2025 – Filed December 22, 2025

———————

**AFFIRMED**

———————

Nancy Carol Fennell, of Irmo, for Appellant.

Matthew A. Williamson, of the South Carolina
Department of Social Services, of Kingstree, for
Respondent.

Mary H. Watters, of Mary Watters Law, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** Brandon J. Bartlette (Father) appeals a family court order terminating his parental rights to his minor child (Child). On appeal, he argues the family court erred in finding (1) clear and convincing evidence showed Child had been in foster care for fifteen of the previous twenty-two months and (2) termination of parental rights (TPR) was in Child's best interest. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

1. We hold clear and convincing evidence proved Child had been in foster care for fifteen of the previous twenty-two months. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2025) (explaining the family court may order TPR upon finding one or more of twelve statutory grounds is met and finding TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 76, 814 S.E.2d 148, 156 (2018) ("The grounds for TPR must be proven by clear and convincing evidence."); § 63-7-2570(8) (providing a statutory ground for TPR is met when a "child has been in foster care . . . for fifteen of the most recent twenty-two months"). Child entered foster care in December 2022, approximately eighteen months before the July 2024 TPR hearing. We find Father's inability to provide Child a safe and nourishing environment, rather than mistakes by the government or acts by other outside forces, caused the delay in reunification. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."); *Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) ("Where there is 'substantial evidence that much of the delay . . . is attributable to the acts of

others,' a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." (alteration in original) (quoting *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003) (Pleicones, J., concurring))).  Child entered foster care following the death of his maternal aunt, who had obtained custody of him in September 2011.  Father, who was imprisoned from November 2012 until February 2023, admitted that when he was released on community supervision, he made no effort to complete treatment services under his court-ordered placement plan, initiate contact with Child, or inquire about visitation or support.  Father testified he knew the Department of Social Services (DSS) could assist him, but he asserted he "had no time to meet with DSS" due to his work schedule.  His community supervision was revoked in June 2023, and he testified that at the time of the TPR hearing, he was in a mental health facility awaiting a competency restoration hearing.  Although Father points to a number of continuances in the case as roadblocks to his reunification with Child, at no point in this action was he in a position to obtain custody of Child.  *Cf. Marccuci*, 396 S.C. at 227, 721 S.E.2d at 773 (holding the family court erred in granting TPR when substantial evidence showed the child "languished unduly in foster care not because of any actions, or inactions, by [the father], but because the delays generated and road blocks erected in the removal action made it impossible for the parties to regain legal custody of her prior to the expiration of the fifteen month period").  Thus, we find this statutory ground was met.

2.  We find Father failed to show the preponderance of the evidence was against the family court's finding that TPR was in Child's best interest.  *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (explaining de novo review does not relieve the appellant of the burden to show the preponderance of the evidence is against the family court's finding); *Smith*, 423 S.C. at 85, 814 S.E.2d at 161 ("In a TPR case, the best interest of the child is the paramount consideration."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict.").  The DSS caseworker testified Father was unable to exercise visitation with Child while he was incarcerated; however, Father admitted he made no attempts to contact Child during the four months he was not incarcerated.  The guardian ad litem (GAL) recommended TPR based in large part on Father's lack of effort to be a part of Child's life during the course of the case.  Further, although Father testified that he expected to be released from prison in January 2025, he was in a mental health facility at the time of the TPR hearing and confirmed he was not in a position to

care for Child.  Child was almost fourteen years old at the time of the hearing and had himself been placed in a psychiatric residential treatment facility for ten months after disrupting multiple foster care placements.  Although the GAL testified Child consistently asked to speak to his mother,[1] no evidence in the record suggested Child had any relationship with Father.  We acknowledge the caseworker testified DSS had not located an adoptive resource for Child and the GAL referred to the difficulty of finding such a resource; however, the GAL remained hopeful a placement could be identified and stated Child wanted nothing more than a family who loved him.  Based on Father's lack of presence in Child's life, the unlikelihood he will be able to provide a stable home for Child in the foreseeable future, and Child's need for permanency, we find TPR is in Child's best interest.  *Cf. Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 103, 627 S.E.2d 765, 774 (Ct. App. 2006) (finding TPR was not in the child's best interest when the father's "tireless efforts to connect with Child demonstrate[d] a sincere concern for Child's well-being").

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] The family court terminated the parental rights of Child's mother in the same final order.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.