**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tamera Toogood Middleton, Respondent,

v.

Stephen Arthur Middleton, Appellant.

Appellate Case No. 2023-002001

───────────

Appeal From Aiken County
Angela W. Abstance, Family Court Judge

───────────

Unpublished Opinion No. 2026-UP-145
Submitted March 2, 2026 – Filed March 25, 2026

───────────

**AFFIRMED**

───────────

Sarah Floyd Blake, of Sarah Floyd Blake, PC, of Evans, Georgia, for Appellant.

Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill; and Amanda Medlin Bellotti, of Law Office of Amanda M. Bellotti, LLC, of Evans, Georgia, both for Respondent.

───────────

**PER CURIAM:** Stephen Middleton (Husband) appeals the family court's order arising from Tamera Middleton's (Wife's) rule to show cause and motion for contempt arising from Husband's failure to sign the Veteran Affair's (VA's)

Certification of Eligibility (the Waiver), despite the language of the parties' separation agreement (the Agreement) requiring that Husband "shall cooperate to allow Wife to assume the mortgage," including "execut[ing] and deliver[ing] to the other party any documents that may be reasonably required to accomplish the intention" of the Agreement. On appeal, Husband argues the family court erred in finding the Agreement unambiguously required him to waive a portion of his VA mortgage eligibility (Entitlement) and finding that it was reasonable to require him to waive a portion of his Entitlement in order for Wife to assume the mortgage on the marital home. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err by finding the Agreement required Husband to sign the Waiver because the Agreement's language was unambiguous as to Husband's duties under the Agreement. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (clarifying the standard of review in family court matters is de novo); *Fennell v. Fennell*, Op. No. 6141 (S.C. Ct. App. filed March 18, 2026) (Howard Adv. Sh. No. 11 at 58) (recognizing the appellate courts review contempt orders arising out of the family court using a de novo standard of review); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."). The parties' final order awarded Wife the martial home and made her responsible for the associated "indebtedness, taxes, and expenses." The Agreement's language specifically stated: "Husband shall cooperate to allow Wife to assume the mortgage, if that is an option"; "Each of the parties shall . . . execute and deliver to the other party any documents that may be *reasonably* required to accomplish the intention of . . . [the] Agreement"; and "[E]ach party shall do all other things necessary to accomplish the spirit and the purpose of . . . [the] Agreement." Husband argued that the terms "cooperate," "reasonable," "spirit," and "purpose" are inexact terms that by their very definition require some judgment interpreting and applying the terms and that if Wife wanted absolute compliance, the Agreement would have included "comply with all requests." However, we find that these terms should be given their ordinary and plain meaning, as the Agreement did not contain contractual definitions to the contrary, and the terms were not ambiguous. Thus, the family court did not err in finding the Agreement

required Husband to help Wife assume the mortgage and take any additional actions to accomplish such, including signing the Waiver. *See Gibson v. Epting*, 426 S.C 346, 351, 827 S.E.2d 178, 181 (Ct. App. 2019) ("Ambiguity of a contract is a question of law, which [an appellate court] review[s] de novo."); *Nicholson v. Nicholson*, 378 S.C. 523, 532, 663 S.E.2d 74, 79 (Ct. App. 2008) ("In South Carolina, the construction of a separation agreement is a matter of contract law." (quoting *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006))); *id.* ("The court's only function with an agreement that is clear and capable of legal construction is to interpret its lawful meaning and the intention of the parties as found within the agreement and to give them effect."); *id.* ("In the enforcement of an agreement, the court does not have the authority to modify terms that are clear and unambiguous on their face." (quoting *Messer v. Messer*, 359 S.C. 614, 621, 598 S.E.2d 310, 314 (Ct. App. 2004))); *Bardsley v. Gov't Emps. Ins. Co.*, 405 S.C. 68, 76, 747 S.E.2d 436, 440 (2013) ("[A] provision . . . is not ambiguous merely because its terms are undefined . . . . It is a well-settled principle of contract interpretation that absent a contractual definition to the contrary, contract language is given its ordinary and plain meaning.").

2. We hold Husband's issue regarding the reasonableness of the family court requiring Husband to sign the Waiver is not preserved for appellate review because Husband conceded the family court never ruled on the matter and Husband failed to file a motion to alter or amend the family court's judgment under Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Nicholson*, 378 S.C. at 537, 663 S.E.2d at 82 ("The imposition of the preservation requirement upon an appellant is designed to enable the [family] court to rule properly after consideration of all relevant facts, law[,] and arguments."); *id.* ("An issue is not preserved where the [family] court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment." (quoting *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006))).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.