**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Rachael McDaniel, Christopher R. Joseph (dismissed),
and Douglas Jones, Defendants,

Of whom Rachael McDaniel is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2024-000758

———————

Appeal From Georgetown County
Melissa M. Frazier, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-111
Submitted March 18, 2025 – Filed March 24, 2025

———————

**AFFIRMED**

———————

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of
Rock Hill, for Appellant.

Alwyn Taylor Silver, of South Carolina Department of
Social Services, of Georgetown, for Respondent.

Joe Michael Crosby, of Crosby Law Firm, LLC, of Georgetown, for the Guardian ad Litem.

**PER CURIAM:**  Rachael McDaniel (Mother) appeals the family court's termination of her parental rights to her two minor children (collectively, Children).  On appeal, Mother argues the family court erred in (1) denying her motion for a continuance; (2) finding clear and convincing evidence proved four statutory grounds for termination of parental rights (TPR); and (3) finding TPR was in Children's best interests.  We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility.  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).  Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings.  *Id.*

1.  We hold the family court did not abuse its discretion in denying Mother's request for a continuance in order to allow her additional time to complete treatment services.  *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion); *Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) (confirming "[t]he grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion"); Rule 40(i)(1), SCRCP ("If good and sufficient cause for continuance is shown, [a request for] continuance *may* be granted by the court." (emphasis added)).  Mother was ordered to complete a placement plan on November 2, 2022—sixteen months before the March 13, 2024 TPR hearing.  Mother admitted that during this sixteen-month time period, she continued to use methamphetamine, was incarcerated for violating the terms of her probation due to such use, and relapsed less than one month after she was released from an in-patient substance abuse treatment program.  This relapse occurred only three weeks before the TPR hearing.  Accordingly, we hold the family court acted within its discretion in denying her request for a continuance.

2. We hold clear and convincing evidence showed Mother failed to remedy the conditions that caused Children's removal. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (explaining the family court may order TPR upon finding at least one of twelve statutory grounds for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (stating the grounds for TPR must be proved by clear and convincing evidence); § 63-7-2570(2) (providing a statutory TPR ground is met when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). At the November 2, 2022 removal hearing, the family court granted DSS custody of Children, found Mother physically abused and physically neglected Children based on her illegal drug use, and ordered Mother to complete a placement plan. Although Mother completed parenting classes and submitted to at least one psychological evaluation according to this plan, she admitted to using methamphetamine three weeks before the TPR hearing—a relapse which occurred less than one month after she completed an in-patient rehabilitation program. Mother also acknowledged she used methamphetamine throughout the pendency of the case before being arrested in September 2023 for violating the terms of her probation due to her positive drug screens. Accordingly, we hold clear and convincing evidence showed Mother failed to remedy the conditions—namely, her use of illegal substances—that caused Children's removal.[1]

3. Viewed from Children's perspective, we hold TPR is in their best interests. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Although the GAL confirmed Mother visited regularly with Children and was "positive and loving" with them, the GAL recommended TPR, highlighting Mother's unchanged pattern of drug use throughout the case and her lack of suitable housing at the time

---

[1] Because we hold clear and convincing evidence supports the aforementioned statutory ground for TPR, we decline to consider whether the remaining grounds were met. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory TPR ground after concluding clear and convincing evidence supported another ground).

of the TPR hearing. The DSS case worker testified Children had resided in the same pre-adoptive foster home since the beginning of their time in foster care, and that case worker, Mother, and the GAL asserted Children were well cared for in their foster home. Father also acknowledged Children were happy in their placement. We find Mother's failure to meaningfully address her substance use and maintain suitable housing throughout the case indicates she is unlikely to provide a safe, stable home for Children in the foreseeable future. Accordingly, we hold TPR is in Children's best interests.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.