**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services, Respondent,

v.

Rose Pandola and John Wallace, IV, Defendants,

Of whom Rose Pandola is the Appellant.

In the interests of minors under the age of eighteen.

Appellate Case No. 2024-001619

───────────

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

───────────

Unpublished Opinion No. 2025-UP-289
Submitted August 4, 2025 – Filed August 5, 2025

───────────

**AFFIRMED**

───────────

Adam Sinclair Ruffin, of Ruffin Law Firm, LLC, of Columbia, for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Joshua Keith Roten, of Summerville; and Mary Christine Hardee, of South Carolina Department of Children's Advocacy, of Columbia, both for the Guardian ad Litem.

---

**PER CURIAM:** Rose Pandola (Mother) appeals a family court order terminating her parental rights to her two minor children (Children). On appeal, Mother argues the family court erred in (1) denying her motion to dismiss the termination of parental rights (TPR) action based on the failure to hold the hearing within statutorily-prescribed timelines, (2) allowing the admission of drug test results without expert testimony or a proper chain of custody, (3) finding clear and convincing evidence supported TPR based on two statutory grounds, and (4) finding TPR was in Children's best interests. We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

1. We find Mother failed to show the family court abused its discretion in denying her motion to dismiss. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (explaining appellate courts review the family court's procedural and evidentiary rulings for an abuse of the family court's discretion); S.C. Code Ann. § 63-7-2530(C) (Supp. 2024) ("The hearing on the petition to terminate parental rights must be held within [120] days of the date the [TPR] petition is filed."); *id.* (stating the family court may, at its discretion, grant a continuance that would result in the hearing being held more than 120 days after the filing of the petition); *id.* ("If a continuance is granted, the court must issue a written order scheduling the case for trial on a date and time certain."). In April 2023, the family court approved a permanent plan of TPR and adoption and allowed the Department of Social Services (DSS) to forego reasonable efforts at reunifying Mother and Children based on Mother's lack of progress in completing her treatment services. DSS filed its petition for TPR in July 2023, and in October 2023, the family court continued the TPR hearing in order to appoint legal counsel or a guardian ad litem (GAL). The October order directed the hearing to be placed on the November 2023 trial docket, but the TPR hearing did not occur until April 2024. However,

the DSS case worker testified that Mother had entirely stopped engaging in treatment services or submitting to drug tests by December 2023. Because the record does not indicate Mother was in a position to resume care of Children at any point during the case, any additional time could have only been to her benefit. Thus, we find no abuse of discretion in denying her motion to dismiss the case. *See Davis v. Davis*, 372 S.C. 64, 87, 641 S.E.2d 446, 458 (Ct. App. 2006) ("An error not shown to be prejudicial does not constitute grounds for reversal." (quoting *Brown v. Pearson*, 326 S.C. 409, 417, 483 S.E.2d 477, 481 (Ct. App. 1997))).

2. We find any error in the admission of challenged drug test results was harmless because the documents were cumulative to other evidence establishing Mother and John Wallace, IV (Father; collectively, Parents) tested positive for drugs and failed to submit to drug tests. *See Bojilov v. Bojilov*, 425 S.C. 161, 178, 819 S.E.2d 791, 800 (Ct. App. 2018) ("When evidence is merely cumulative to other evidence, its admission is harmless and does not constitute reversible error."). Although Mother objected to the admission of three of Father's hair follicle drug test results, prior to their admission, the DSS case worker testified without objection that as of April 2023, Father was not producing negative drug tests despite being enrolled in substance abuse treatment. Moreover, the case worker testified, also without objection, that Father tested positive for drugs on hair follicle tests in August and December 2023 and failed to comply with referrals for hair follicle tests in January and March 2024. As to Mother's drug test results, Mother objected to hearsay and lack of foundation when the case worker testified Mother continued to test positive for drugs as of April 2023; however, the case worker testified without objection that Mother never "produce[d] a negative drug screen" during the case and was refusing to submit to drug tests by the December 2023 hearing. Accordingly, we find any error in admitting drug test results was cumulative to the other evidence regarding Parents' drug test results and failure to submit to drug tests.

3. We find clear and convincing evidence showed that at the time of the TPR hearing, Children had been in foster care for at least fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2024) (explaining the family court may order TPR upon finding a statutory TPR ground is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 76, 814 S.E.2d 148, 156 (2018) ("The grounds for TPR must be proven by clear and convincing evidence."); § 63-7-2570(8) (providing a statutory ground for TPR is met when a "child has been in foster care . . . for fifteen of the most recent twenty-two months"). The undisputed testimony established Children were removed on December 13, 2021—just under twenty-eight months before the April 2024 TPR hearing. Moreover, we find the delay in reunification was caused by

Mother's failure provide a safe, drug-free environment for Children rather than any dilatory action by DSS. *See S.C. Dep't of Soc. Servs. v. Sarah W*., 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Although Mother did not receive a placement plan until nine months after Children were removed, the family court ordered a permanent plan of TPR and adoption and authorized DSS to forego reasonable efforts at reunifying Mother and Children due to her lack of progress in April 2023—six months after she was ordered to complete her placement plan and fifteen months after Children's removal. The uncontroverted testimony by the case worker also established that Mother never produced a negative drug test and had stopped engaging in treatment services or submitting to drug tests by December 2023. Thus, we find clear and convincing evidence supports this statutory ground.[1]

4. We find TPR is in Children's best interests. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *Sarah W*., 402 S.C. at 343, 741 S.E.2d at 749-50. ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict.").

Initially, we acknowledge the GAL testified Parents exercised appropriate visitation with Children; the evidence was clear that Children wanted to return to Parents' care; and Child 1, who was fourteen years old at the time of the TPR hearing, did not want to be adopted. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of this article is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life."); S.C. Code Ann.

---

[1] To the extent the family court found Mother's failure to remedy the conditions that caused Children's removal was an independent ground for TPR, we decline to address this ground. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

§ 63-9-310(A)(1) (2010) (explaining an adoptee over fourteen years old must consent to the adoption "except where the court finds that the adoptee does not have the mental capacity to give consent, or that the best interests of the adoptee are served by not requiring consent").  However, as we have laid out above, the evidence is also clear that Mother had not provided a safe, drug-free home to which Children could return, despite having well over two years to demonstrate her abstention from drug use.  The GAL believed Child 1, in particular, was "suffering" from not knowing "what[ was] going to happen from day-to-day."  Moreover, at the time of the TPR hearing, Mother faced pending criminal charges, and her bond conditions related to the charges prohibited unsupervised contact with Children.  The GAL, who had served in the role since Children were removed, recommended TPR.

The GAL testified Child 1 had changed foster placements shortly before the TPR hearing when her former foster family left the country due to military service, but she stated Child 1 had adapted well to her new foster home, attended therapy, and was "working really hard" and behaving well at school.  Further, at the post-trial motion hearing, the case worker informed the family court that a teacher from the previous school year was interested in having Child 1 placed with her, and Child 1 was open to remaining in the teacher's home on a long-term basis if she could not return to Parents' home.  Thus, even if Child 1 were not ultimately adopted, TPR could give her a level of permanency that would be difficult to achieve by preserving Mother's parental rights without the possibility of returning to her care.

As to Child 2, who was thirteen years old at the time of the TPR hearing, testimony showed he was open to adoption, and DSS had identified a pre-adoptive placement for him.  The GAL testified Child 2 had "blossomed" in foster care and had expressed that he was happy with his foster parent and would be "fine to be adopted by" him.  At the post-trial motion hearing, the case worker informed the family court that Child 2 remained willing to be adopted by his foster family if he was not able to return to Parents' home, and Parents' counsel confirmed the foster family was considering adoption.  Thus, we find TPR is in Children's best interests.

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.