**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shavisa Byrd, Dedric D. Barnes, and Samuel Ravenell,
Defendants,

of whom Shavisa Byrd is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2025-000618

Appeal From Richland County
Gwendlyne Y. Jones, Family Court Judge

Unpublished Opinion No. 2025-UP-392
Submitted November 21, 2025 – Filed November 24, 2025

**AFFIRMED**

Nancy Carol Fennell, of Irmo, for Appellant.

Christopher Ryan Johnson, of the South Carolina Department of Social Services, of Columbia, for Respondent.

Cecelia Ann Clark-Donato, of Richland County CASA, of Columbia, for the Guardian ad Litem.

———————

**PER CURIAM:** Shavisa Byrd (Mother) appeals a family court order setting separate permanent plans for her three minor children (collectively, Children). On appeal, she argues the family court erred in failing to return Children to her care because the evidence supported reunification. We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018). Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings. *Id.*

We hold the family court did not err in failing to return Children to Mother's home because the evidence did not support reunification. *See* S.C. Code Ann. § 63-7-1700(D) (Supp. 2025) ("If the court determines at the permanency planning hearing that the child may be safely maintained in the home in that the parent has remedied the conditions that caused the removal and the return of the child to the child's parent would not cause an unreasonable risk of harm to the child's life, physical health, safety, or mental well-being, the court shall order the child returned to the child's parent."). The evidence did not show that Mother had remedied the conditions that caused Children's removal and that returning Children would not place them at an unreasonable risk of harm to their safety. Although Mother disputed several allegations she physically abused her children, she admitted throwing a stool at Child 1 during the altercation that led to Children's removal and acknowledged a 2012 case involving physical abuse was "founded." The merits removal order found she also struck Child 1 with an electrical cord and relieved the Department of Social Services (DSS) of providing Mother services due to her severe or repeated abuse or neglect. Mother conceded that the anger management course she voluntarily attended in this case was "very necessary"; however, even after she completed the course, she maintained she had "reacted how [she] was supposed to" during the altercation with Child 1, asserted she did not "have issues in [her] household," characterized the case as a "scheme" by Child 1, and testified she would threaten Children with returning to DSS custody if they

were disrespectful to her in the future.  Mother's voluntary completion of anger management and parenting courses is limited by her lack of disclosure to the treatment provider.  The provider questioned whether Mother had successfully completed the courses.  Based on Mother's history of DSS involvement and her continued minimization of the facts of the case at issue, we find the evidence showed Children could not be safely returned to Mother and reunification was not in Children's best interests.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.