THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travis Agurs, Respondent,

v.

Raven Barber, Appellant.

Appellate Case No. 2025-000585

---

Appeal From York County
David G. Guyton, Family Court Judge

---

Unpublished Opinion No. 2025-UP-400
Submitted November 6, 2025 – Filed December 2, 2025

---

**AFFIRMED IN PART, REMANDED IN PART**

---

Thomas Franklin McDow, IV, and Erin K. Urquhart, both of McDow and Urquhart, LLC, and Michael Frederick Gillen, all of Rock Hill, for Appellant.

Thomas William Holland, Sr., of Holland Law LLC, of Fort Mill, for Respondent.

Viva L. Halcom, of Smithfield, North Carolina, pro se.

---

**PER CURIAM:**  Raven Barber (Mother) appeals the family court's final order granting Travis Agurs (Father; collectively, Parents) primary custody of their

minor child (Child).  On appeal, Mother argues the family court erred in (1) finding she was not credible, (2) granting Father final decision-making authority, (3) refusing to award her child support, and (4) ordering her to pay $15,000 of Father's attorney's fees.[1]  We affirm in part and remand in part for further findings regarding child support and attorney's fees.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  "[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).

1.  We find the evidence supported the family court's finding that Mother was not credible.  *See id.* (explaining that the de novo standard of review allows an appellate court to make its own factual findings but does not abrogate the "long-standing principle[]" that the family court "is in a superior position to assess witness credibility").  Mother responded that she could not answer multiple questions "without documentation"; however, even after she viewed the materials in question, she asserted the documents were not sufficient to answer the questions.  Further, Mother claimed Father failed to pick up Child's medications in July 2021 but later read text messages confirming that Father told her he was simply waiting to call the pharmacy at the time he was told to call back.  Finally, although Mother asserted she removed Child from a school where Child attended pre-kindergarten for only one day because the school announced it would be closing, Mother acknowledged an affidavit listing multiple reasons for the change did not mention the school closure.  Thus, we affirm as to this issue.

---

[1] Father did not file a final respondent's brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we find the record on appeal is sufficient for this court to affirm on the first two issues and remand on the remaining two issues.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

2.  We find Mother failed to show the preponderance of the evidence was against the family court's grant of decision-making authority to Father. *See Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 (reiterating that "an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]").  Mother acknowledged that ten days after the family court issued an order explicitly stating Father was to have access to Child's medical records, she instructed Child's pediatrician's office that Father was to have no access to Child's medical records without her permission.  She also admitted that she filed the July 2021 contempt action against Father for failing to obtain Child's medications even after Father communicated that he was simply waiting to call the pharmacy as he had been instructed to do.  Further, the principal at Child's school testified both Parents supported Child's schooling.  He also confirmed Child's enrollment form, which Mother submitted, listed a false number for Father's telephone number, did not list him as an emergency contact, and indicated Father did not have full or partial custody of Child.  Father testified Mother removed Child from her pre-kindergarten school without telling him, and although Mother asserted she and Father discussed the school change via text message, she did not provide the messages.  Mother also admitted she did not discuss enrolling Child in another elementary school with Father before doing so.  Based on Mother's failure to include Father or keep him informed of Child's medical and educational needs, we affirm as to this issue.

3.  We find the family court erred in failing to explain its deviation from the South Carolina Child Support Guidelines (the Guidelines). *See* S.C. Code Ann. Regs. 114-4730(A)(4) (Supp. 2025) (explaining how to account for additional direct expenses such as work-related childcare costs when calculating child support for parents with shared physical custody); S.C. Code Ann. Regs. 114-4710(B) (Supp. 2025) ("Deviation from the [G]uidelines should be the exception rather than the rule.  When the court deviates, it must make written findings that clearly state the nature and extent of the variation from the [G]uidelines.").  In its final order, the family court stated that child support would be calculated pursuant to Schedule C of the Guidelines.  It credited Mother with 182 overnights and Father with 183 overnights, stated Parents earned approximately equal incomes, and found there were no costs for work-related childcare or health insurance premiums for Child.  The court found that based upon the Guidelines and Parents' respective incomes, neither party was to pay child support.  Although Mother did not refer to any childcare costs in her testimony, her financial declaration reflected $688 per month in work-related childcare expenses.  When she requested clarification on the issue via her motion to reconsider, the family court did not address childcare expenses.  Accordingly, we remand to the family court for further findings on this issue.

4. We remand the issue of attorney's fees to the family court for further findings in line with the determination of child support. *See Tomlinson v. Melton*, 428 S.C. 607, 615, 837 S.E.2d 230, 234 (Ct. App. 2019) (remanding the issue of attorney's fees after reversing and remanding the issues of primary custody and child support so the family court could "reweigh the 'beneficial results obtained' pursuant to the custody determination").

**AFFIRMED IN PART, REMANDED IN PART.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.